**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION**

| | |
|---|---|
| Christa Holloway, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:23-cv-392 ) |
| TrueAccord Corp., a Delaware corporation, | ) ) ) ) |
| Defendant. | ) <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Christa Holloway, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's collection actions violated the FDCPA, and to recover damages, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction, pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331.

2. Venue is proper in this District: a) Plaintiff resides here; b) part of the acts and transactions occurred here; and c) Defendant transacts business here.

**PARTIES**

3. Plaintiff, Christa Holloway ("Holloway"), is a citizen of the State of Indiana, from whom Defendant attempted to collect a defaulted consumer debt that she allegedly owed to Klarna.

4. Defendant, TrueAccord Corp. ("TrueAccord"), is a Delaware corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, defaulted consumer

debts. Defendant TrueAccord operates a defaulted debt collection business and attempts to collect debts from consumers in many states, including consumers in the State of Indiana. In fact, Defendant TrueAccord was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.

5. Defendant TrueAccord is authorized to conduct business in the State of Indiana and maintains a registered agent here, see, record from the Indiana Secretary of State, attached as Exhibit A. In fact, Defendant TrueAccord conducts business in Indiana.

## FACTUAL ALLEGATIONS

6. Ms. Holloway is a disabled woman, with limited assets and income, who fell behind on paying her bills, including a debt she allegedly owed to Klarna. At some point in time after the debt went into default, Defendant attempted to collect the debt by sending Ms. Holloway a text message on May 1, 2023, regarding payment of the Klarna debt. A screenshot of this text message is attached as Exhibit B. Ms. Holloway sent this text message to her legal aid attorneys at Legal Advocates for Seniors and People with Disabilities ("LASPD").

7. Accordingly, Ms. Holloway's attorneys at LASPD informed Defendant TrueAccord, on May 2, 2023, that Ms. Holloway was represented by counsel, that she disputed the correctness of the debt, and directed Defendant to cease contacting her, and to cease all further collection activities because Ms. Holloway was forced, by her financial circumstances, to refuse to pay her unsecured debt. A copy of this email letter is attached as Exhibit C.

8. On May 4, 2023, Defendant sent a response email to Ms. Holloway's

attorney's at LASPD acknowledging receipt of their May 2, 2023, email letter, but which claimed that they could not identify an account. A copy of this response email is attached as Exhibit D.

9. Accordingly, on May 4, 2023, Ms. Holloway's attorneys wrote to Defendant to reemphasize that they represented her, that she disputed the debt, that she refused to pay, and that Defendant should cease contact and cease collection actions. A copy of this email letter is attached as Exhibit E.

10. On that same day, May 4, 2023, Defendant TrueAccord sent a response email to Ms. Holloway's LASPD attorneys, acknowledging LASPD's representation of Ms. Holloway and attempting to collect the debt she had disputed and refused to pay. A copy of this email letter is attached as Exhibit F.

11. Undeterred, on May 5, 2023, and May 8, 2023, Defendant sent Ms. Holloway text messages regarding collection of the Klarna debt. Screenshots of these text messages are attached as Group Exhibit G.

## ARTICLE III STANDING

12. In enacting the FDCPA, Congress expressly set forth that the statute was intended to prevent "abusive practices":

> There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to **invasions of individual privacy**.

See, 15 U.S.C. §1692(a)(Abusive Practices)(emphasis added).

13. To achieve those ends, §1692c of the FDCPA limits the manner in which debt collectors may communicate with consumers; specifically §1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt

3

collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, see, 15 U.S.C. § 1692c(a)(2), while § 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer who has "notified a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer", see, 15 U.S.C. § 1692c(c).

14.   Defendant's continued direct collection actions invaded Plaintiff's right to counsel and were a direct invasion of Ms. Holloway's legally-protected right to be left alone and her right to privacy – rights granted to consumers under the common law and § 1692c of the FDCPA, see, Persinger v. Southwest Credit Systems, 20 F.4th 1184, 1191-93 (7th Cir. 2021); Gadelhak v. AT&T Services, 950 F.3d 458, 461-62 (7th Cir. 2020); and Lupia v. Medicredit, 8 F.4th 1184, 1191-92 (10th Cir. 2021).

15.   Defendant's collection actions alarmed, confused, and emotionally distressed Ms. Holloway, intruded upon her seclusion, invaded her right to be represented by counsel and cost her time and out-of-pocket expenses.

16.   Defendant's collection actions complained of herein occurred within one year of the date of this Complaint.

### COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

17.   Plaintiff adopts and realleges ¶¶ 1-16.

18.   Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they

refuse to pay, see, 15 U.S.C. § 1692c(c).

19.  Here, the letter from Ms. Holloway's attorneys at LASPD told Defendant to cease communications and cease collections (Exhibits C and E). By continuing to communicate regarding payment of this debt, by sending text messages directly to Ms. Holloway (Group Exhibit G), and by sending a demand to her attorneys that she settle the account (Exhibit F), Defendant violated § 1692c(c) of the FDCPA.

20.  Defendant's violations of § 1692c(c) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

21.  Plaintiff adopts and realleges ¶¶ 1-16.

22.  Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain such attorney's name and address, see, 15 U.S.C. § 1692c(a)(2).

23.  Defendant knew that Ms. Holloway was represented by counsel in connection with this debt because the email letters her attorneys at LASPD had sent informed Defendant, in writing (Exhibits C and E), that she was represented by counsel, and had directed Defendant to cease directly communicating with her. Moreover, Defendant responded via emails to her attorneys at LASPD (Exhibits D and F). By directly sending Ms. Holloway the May 5, 2023, and May 8, 2023, text messages (Group Exhibit G), despite being advised that she was represented by counsel,

Defendant violated § 1692c(a)(2) of the FDCPA.

24. Defendant's violations of § 1692c(a)(2) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees, <u>see</u>, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Christa Holloway, prays that this Court:

1. Find that Defendant's collection actions violate the FDCPA;

2. Enter judgment in favor of Plaintiff Holloway, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Christa Holloway, demands trial by jury.

                                      Christa Holloway,

                                      By: <u>s/ David J. Philipps</u>
                                      One of Plaintiff's Attorneys

Dated: May 10, 2023

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angie@philippslegal.com